# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE**
- - - - - - - - - - - - - - - - - - - - - - - - - -x

DEBORA S COLE

                            Plaintiff/Petitioner,

           -against-                                    Index No. E2018008780

VILLAGE OF BROCKPORT, BROCKPORT POLICE
DEPARTMENT, STEPHEN MESITI, DANIEL
- - - - - - - - - - - - - - - - - - - - - - - - - -x
                            Defendant/Respondent.

## NOTICE OF ELECTRONIC FILING

**You have received this Notice because:**

- The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and
- You are a Defendant/Respondent (a party) in this case.
                            (CPLR § 2111, Uniform Rule § 202.5-bb)

**If you are represented by an attorney:** give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.**

### Benefits of E-Filing

You can:

- serve and file your documents electronically
- view your case file on-line
- limit your number of trips to the courthouse
- pay any court fees on-line.

There are no additional fees to e-file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- visit: www.nycourts.gov/efile-unrepresented or
- go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site https://iapps.courts.state.ny.us/nyscef/HomePage; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 10/30/201___

WILLIAM PATRICK SMITH JR
**Name**

Smith Law Firm PLLC
**Firm Name**

1 East Main Street, Suite 100
**Address**

Rochester, New York 14614

(585) 685-7000
**Phone**

smith@smithlawroc.com
**E-Mail**

To:   BROCKPORT POLICE DEPARTMENT

1 Clinton Street

Brockport, New York 14420

11/20/17

Index  No.                                    Page 2 of 2                                    EFM-1

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/30/2018

STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

DEBORA S. COLE
134 Park Avenue
Brockport, New York 14420,

                    Plaintiff,

          -vs-

VILLAGE OF BROCKPORT, BROCKPORT POLICE
DEPARTMENT, BROCKPORT POLICE SERGEANT
STEPHEN MESITI INDIVIDUALLY AND IN HIS
CAPACITY AS A BROCKPORT POLICE OFFICER,
BROCKPORT POLICE CHIEF DANIEL VARRENTI,
BROCKPORT POLICE OFFICER JOHN DOE #1
INDIVIDUALLY AND IN HIS CAPACITY AS A
BROCKPORT POLICE OFFICER,

                    Defendant(s).

Plaintiff designates Monroe
County as the place of trial

**SUMMONS**

Index No.: E2018008780

Basis of venue is Plaintiff's
residence.

**TO THE ABOVE NAMED DEFENDANT(S):**

     **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of
appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons,
exclusive of the day of service, or within thirty (30) days after service is complete if this Summons
is not personally delivered to you within the State of New York. In case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:     October 29, 2018
           Rochester, New York

                              SMITH LAW FIRM PLLC

          By:     _____

                  William P. Smith, Jr., Esq.
                  *Attorneys for Plaintiff*
                  1 E. Main Street, Suite 100
                  Rochester, New York 14614
                  Telephone: (585) 685-7000
                  Direct: (585) 685-7001
                  Facsimile: (585) 685-7003

SMITH LAW FIRM PLLC

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/30/2018

TO:

VILLAGE OF BROCKPORT
49 State Street
Brockport, New York 14420

BROCKPORT POLICE DEPARTMENT
1 Clinton Street
Brockport, New York 14420

BROCKPORT POLICE SERGEANT STEPHEN MESITI
1 Clinton Street
Brockport, New York 14420

BROCKPORT POLICE CHIEF DANIEL VARRENTI
1 Clinton Street
Brockport, New York 14420

BROCKPORT POLICE OFFICER JOHN DOE #1
1 Clinton Street
Brockport, New York 14420

SMITH LAW FIRM PLLC

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 10/30/2018

STATE OF NEW YORK
SUPREME COURT        COUNTY OF MONROE

DEBORA S. COLE,

                 Plaintiff,

      -vs-

VILLAGE OF BROCKPORT, BROCKPORT POLICE
DEPARTMENT, BROCKPORT POLICE SERGEANT
STEPHEN MESITI INDIVIDUALLY AND IN HIS
CAPACITY AS A BROCKPORT POLICE OFFICER,
BROCKPORT POLICE CHIEF DANIEL VARRENTI,
BROCKPORT POLICE OFFICER JOHN DOE #1
INDIVIDUALLY AND IN HIS CAPACITY AS A
BROCKPORT POLICE OFFICER,

                 Defendant(s).

**VERIFIED
COMPLAINT**

Index No.: E2018008780

Plaintiff, DEBORA S. COLE, by and through her attorneys, SMITH LAW FIRM PLLC, William
P. Smith, Jr., Esq., of Counsel, for her complaint alleges:

## INTRODUCTION

1.      This is a personal injury and civil rights action to recover monetary damages arising

out of Defendants violation of Plaintiff DEBORA S. COLE's constitutional rights as secured by

the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the common

law and also the laws of the State of New York.

2.      Defendants subjected Plaintiff to excessive, unjustified and unnecessary force

during the course of a mental health welfare check resulting in physical, emotional and

psychological injury to the Plaintiff.

### NOTICE OF CLAIM TIMELY FILED

3.      On or about the 11th day of September, 2017, Plaintiff served upon Defendants

VILLAGE OF BROCPORT and BROCKPORT POLICE DEPARTMENT, through their duly

**FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM**
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 10/30/2018

authorized agents, a verified written Notice of Claim pursuant to Section 50-e of the General Municipal Law of the State of New York setting forth the time, place, nature and manner in which the claim arose. A copy of the Notice of Claim is annexed hereto as **Exhibit A.**

## PARTIES

4.      Plaintiff DEBORA S. COLE presently resides at 134 Park Avenue, Brockport, County of Monroe, New York 14420.

5.      Upon information and belief, at all relevant times stated herein, Defendant VILLAGE OF BROCKPORT was a municipal corporation organized and existing under the laws of the State of New York, with principal offices in the VILLAGE OF BROCKPORT, County of Monroe, State of New York.

6.      Upon information and belief, at all relevant times stated herein, Defendant BROCPORT POLICE DEPARTMENT was a department within Defendant VILLAGE OF BROCKPORT, with principal offices in the Village of BROCKPORT, County of Monroe, State of New York.

7.      Upon information and belief Defendant SGT. STEPHEN MESITI ("MESITI") was a natural person residing, upon information and belief, in the County of Monroe and State of New York, and was an employee of Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT.

8.      Upon information and belief Defendant POLICE CHIEF DANIEL VARRENTI ("VARRENTI") was a natural person residing, upon information and belief, in the County of Monroe and State of New York, and was an employee of Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT.

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/30/2018

9.    Upon information and belief Defendant OFFICER JOHN DOE #1 ("DOE") was a natural person residing, upon information and belief, in the County of Monroe and State of New York, and was an employee of Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT.

### RELEVANT FACTS

10.    On September 11, 2017, Plaintiff DEBORA S. COLE was suffering from emotional and psychological symptoms stemming from previously diagnosed mental health conditions when she began feeling suicidal and expressing suicidal ideation. Pursuant to her treating physician's instructions, she contacted her live-in partner, Robert Goheen, and her mental health professional by telephone. As a result one or more emergency calls to 911 were placed to secure emergency assistance for the Plaintiff.

11.    Officers of the Defendant BROCKPORT POLICE DEPARTMENT responded to the call by sending two (2) uniformed police officers to Plaintiff's home at 134 Park Avenue, Brockport, New York 14420.

12.    When Brockport Police Officers arrived at the Premises, the Plaintiff was sitting in a living room chair and was on the telephone with her health care provider. One of the responding officers took over the telephone call with Plaintiff's health care provider while the other officer stood blocking the doorway of the Premises.

13.    After an exchange of words the Plaintiff was forcibly grabbed, restrained and forced to the floor of the Premises by the two (2) uniformed Brockport Police Officers one of whom was Defendant MESITI and the other JOHN DOE #1 and was instructed to put her hands behind her back to be handcuffed.

14.    The Plaintiff at all times followed the officer's instructions.

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/30/2018

15.     While the Plaintiff was so restrained on the floor of the Premises one officer then proceeded without provocation to slam his leg down onto Plaintiff's leg with such excessive force that the officer shattered the Plaintiff's right tibia and kneecap and causing other injuries including physical and psychological injury, resulting in surgical intervention, hospitalization and permanent impairment.

16.     That at the time and place of the aforesaid actions Defendants Defendants MESITI, VARRENTI and DOE #1 and Defendant BROCKPORT POLICE DEPARTMENT were and had been aware that the Plaintiff suffered from psychological illness.

17.     Upon information and belief, and at all times relevant, the officers responding to the call reported to and were under direct supervision and control of Defendant VARRENTI and Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT.

18.     That the acts and actions of the Defendants as set forth that caused the Plaintiff's injuries constituted:

    a.  negligence;

    b.  assault;

    c.  battery;

    d.  false arrest;

    e.  false imprisonment;

    f.  failure to train;

    g.  failure to supervise; and

    h.  deprivation of civil rights under 42 U.S.C. § 1983.

19.     The injuries and damages for which this claim is made are personal injuries sustained by the Plaintiff, including, but not limited to, multiple fractures to the right tibia and right

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/30/2018

patella, associated injuries to the Plaintiff's right leg, bruising of the Plaintiff's body, emotional and psychological distress, anguish, anxiety, fear, humiliation, and loss of freedom.

### FIRST CAUSE OF ACTION:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 USC §1983

20.     Plaintiff reasserts and realleges all of the allegations set forth in in ¶¶ 1 – 19 as though fully set forth herein.

21.     All of the aforementioned acts of Defendants VILLAGE OF BROCKPORT, BROCKPORT POLICE DEPARTMENT, BROCKPORT, MESITI, VARRENTI, and DOE #1, their agents, servants, and employees, were carried out under the color of state law, and local law.

22.     All of the aforementioned acts deprived the Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Eighth, Fourteenth Amendments to the Constitution of the United States, and in violation of 42 USC §1983.

23.     The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and a municipal corporation with all of the actual and/or apparent authority attendant thereto.

24.     The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and a municipal corporation pursuant to the customs, usages, practices, procedures and the rules of Defendants VILLAGE OF BROCKPORT and the BROCKPORT POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

25.     The individual Defendants MESITI, VARRENTI and DOE #1 and Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT, collectively and individually, while acting under the color of state and local law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution and laws of the United States.

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 10/30/2018

26.   As a result of the above constitutionally impermissible conduct, Plaintiff DEBORA S. COLE was caused to suffer personal injuries, violation of her civil rights, emotional and psychological distress, anguish, anxiety, fear, humiliation, and loss of freedom.

27.   As a result of the Defendant's impermissible conduct, Plaintiff DEBORA S. COLE was injured and harmed. Accordingly, Plaintiff DEBORA S. COLE demands judgment against Defendants in excess of the jurisdictional limits of all inferior courts.

## SECOND CAUSE OF ACTION: FALSE ARREST UNDER 42 USC §1983

28.   Plaintiff reasserts and realleges all of the allegations set forth in in ¶¶ 1 – 27 as though fully set forth herein.

29.   As a result of the aforesaid conduct by the Defendants, Plaintiff DEBORA S. COLE was subjected to an illegal, improper and false arrest by the Defendants and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

30.   As a result of the above constitutionally impermissible conduct, Plaintiff DEBORA S. COLE was caused to suffer personal injuries, violation of her civil rights, emotional and psychological distress, anguish, anxiety, fear, humiliation, and loss of freedom, some or all of which may be permanent.

31.   As a result of the Defendant's impermissible conduct, Plaintiff DEBORA S. COLE was injured and harmed. Accordingly, Plaintiff DEBORA S. COLE demands judgment against Defendants in excess of the jurisdictional limits of all inferior courts.

## THIRD CAUSE OF ACTION: FAILURE TO INTERVENE UNDER 42 USC §1983

32.   Plaintiff reasserts and realleges all of the allegations set forth in in ¶¶ 1 – 31 as though fully set forth herein.

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 10/30/2018

33.   The Defendants had an affirmative duty to intervene on Plaintiff DEBORA S. COLE's behalf to prevent the violation of her constitutional rights.

34.   The individual Defendants failed to intervene on Plaintiff DEBORA S. COLE's behalf to prevent the violation of her constitutional rights despite having had a realistic opportunity to do so.

35.   The individual Defendants failed to intervene on Plaintiff DEBORA S. COLE's behalf to prevent the violation of her constitutional rights despite having substantially contributing to the circumstances within which Plaintiff DEBORA S. COLE's rights were violated by their affirmative conduct.

36.   As a result of the aforementioned conduct of the individual Defendants, Plaintiff DEBORA S. COLE's constitutional rights were violated.

37.   As a result of the above constitutionally impermissible conduct, Plaintiff DEBORA S. COLE was caused to suffer personal injuries, violation of her civil rights, emotional and psychological distress, anguish, anxiety, fear, humiliation, and loss of freedom, some or all of which may be permanent.

38.   As a result of the Defendant's impermissible conduct, Plaintiff DEBORA S. COLE was injured and harmed. Accordingly, Plaintiff DEBORA S. COLE demands judgment against Defendants in excess of the jurisdictional limits of all inferior courts.

## FOURTH CAUSE OF ACTION: FALSE IMPRISONMENT AND UNLAWFUL ARREST UNDER NEW YORK STATE LAW

39.   Plaintiff reasserts and realleges all of the allegations set forth in in ¶¶ 1 – 38 as though fully set forth herein.

40.   As a result of the aforesaid conduct by the Defendants, Plaintiff was unlawfully detained and confined.

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/30/201

41.     Defendants MESITI, VARRENTI and DOE #1, in performance of their duties with powers and authorities designated upon them by Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT, intentionally confined Plaintiff DEBORA S. COLE.

42.     Plaintiff DEBORA S. COLE was at all times consciously aware of her confinement by Defendants MESITI, VARRENTI and DOE #1.

43.     At no point throughout Plaintiff DEBORA S. COLE's unlawful detention and confinement by the Defendants MESITI, VARRENTI and DOE did Plaintiff DEBORA S. COLE consent to said confinement.

44.     At no point throughout Plaintiff DEBORA S. COLE's unlawful detention and confinement by the Defendants MESITI, VARRENTI and DOE were the actions of the Defendants MESITI, VARRENTI and DOE #1 otherwise privileged.

45.     As a direct and proximate result Defendants MESITI, VARRENTI and DOE #1 Plaintiff DEBORA S. COLE was deprived of rights, privileges and immunities under the laws of the State of New York and has been damaged in an amount in excess of the jurisdictional limits of all inferior courts.

46.     As a result of the above constitutionally impermissible conduct, Plaintiff DEBORA S. COLE was caused to suffer personal injuries, violation of her civil rights, emotional and psychological distress, anguish, anxiety, fear, humiliation, and loss of freedom, some or all of which may be permanent.

## FIFTH CAUSE OF ACTION: DEPRIVATION OF PLAINTIFF'S RIGHTS AS GUARANTEED BY THE NEW YORK STATE CONSTITUTION

47.     Plaintiff reasserts and realleges all of the allegations set forth in in ¶¶ 1 – 46 as though fully set forth herein.

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 10/30/201

48.     As a result of the aforesaid conduct of the Defendants, Plaintiff DEBORA S. COLE was deprived rights guaranteed to her by the New York State Constitution, including though not limited to the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures as described in Article I §12 of the New York State Constitution.

49.     The acts complained of were carried out by Defendants MESITI, VARRENTI and DOE #1 in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto, pursuant to the customs, usages, practices, procedures and the rules of Defendants VILLAGE OF BROCKPORT and the BROCKPORT POLICE DEPARTMENT.

50.     Defendants MESITI, VARRENTI and DOE #1 and Defendants VILLAGE OF BROCKPORT and the BROCKPORT POLICE DEPARTMENT, collectively and individually, while acting under color of state law violated Plaintiff DEBORA S. COLE's constitutional rights by engaging in conduct proscribed by the New York State Constitution.

51.     As a result of the above constitutionally impermissible conduct, Plaintiff DEBORA S. COLE was caused to suffer personal injuries, violation of her civil rights, emotional and psychological distress, anguish, anxiety, fear, humiliation, and loss of freedom, some or all of which may be permanent and has been damaged in an amount in excess of the jurisdictional limits of all inferior courts.

### SIXTH CAUSE OF ACTION: NEGLIGENCE UNDER NEW YORK STATE LAW AGAINST DEFENDANTS THE VILLAGE OF BROCKPORT, THE BROCKPORT POLICE DEPARTMENTTHE BROCKPORT POLICE DEPARTMENT, MESITI, VARRENTI and DOE #1

52.     Plaintiff reasserts and realleges all of the allegations set forth in ¶¶ 1 – 51 as though fully set forth herein.

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/30/2018

53.    Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT were negligent in the hiring, training and retention of Defendants MESITI, VARRENTI and DOE as follows:

    a.    Upon information and belief, Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT failed to use reasonable care in the hiring, training and retention of Defendants MESITI, VARRENTI, and DOE#1 who conducted and participated in the acts of subjecting Plaintiff DEBORA S. COLE to false arrest, false imprisonment, excessive force and violations of her constitutional rights in the manners described herein.

    b.    Defendants VILLAGE OF BROCKPORT and BROCKPROT POLICE DEPARTMENT knew, or should have known in the exercise of reasonable care, the propensities of the aforesaid Defendants MESITI, VARERNTI, and DOE #1 to engage in the wrongful conduct heretofore alleged in this complaint.

54.    Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT were negligent in the training and supervision of Defendants MESITI, VARRENTI and DOE #1 as follows:

    a.    Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT knew or should have known that the requirements, guidelines, and terms of its training for Defendants MESITI, VARRENTI, and DOE #1 were insufficient and inadequate to prevent Defendants MESITI, VARRENTI and DOE #1 from engaging in the wrongful conduct heretofore alleged in this complaint.

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/30/2018

55.    Defendants VILLAGE OF BROCKPORT and BROCKPORT POLICE DEPARTMENT are also liable to Plaintiff on the basis of respondeat superior as a result of the constitutionally-impermissible and tortious actions of Defendants MESITI, VARRENTI and DOE as described herein.

56.    As a result of the above constitutionally impermissible conduct, Plaintiff, DEBORA S. COLE was caused to suffer personal injuries, violation of her civil rights, emotional and psychological distress, anguish, anxiety, fear, humiliation, and loss of freedom, some or all of which may be permanent, in excess of the jurisdictional limits of all inferior courts.

## SEVENTH CAUSE OF ACTION: EXCESSIVE FORCECAUSE OF ACTION: EXCESSIVE FORCE

57.    Plaintiff reasserts and realleges all of the allegations set forth in in ¶¶ 1 – 56 as though fully set forth herein.

58.    Defendants MESITI, VARRENTI and DOE subjected the Plaintiff to excessive force in violation of the Fourth and Fourteenth Amendments to the Constitution when she was slammed to the ground and restrained with such excessive force that the Defendant's shattered the Plaintiff's right tibia and kneecap and caused other injuries including physical and psychological injury, resulting in surgical intervention, hospitalization and physical therapy.

59.    As a direct and proximate result of Defendants MESITI, VARRENTI and DOE's illegal actions, the Plaintiff was deprived of rights, privileges and immunities under the Fourteenth Amendment to the Constitution of the United States.

60.    As a result of the above constitutionally impermissible conduct, Plaintiff DEBORA S. COLE was caused to suffer personal injuries, violation of her civil rights, emotional and

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 10/30/2018

psychological distress, anguish, anxiety, fear, humiliation, and loss of freedom, some or all of which may be permanent in an amount in excess of the jurisdictional limits of all inferior courts.

## AS AND FOR AN EIGHTH AND SEPARATE CAUSE OF ACTION: NEGLIGENCE

61.   Plaintiff reasserts and realleges all of the allegations set forth in in ¶¶ 1 - 60 as though fully set forth herein.

62.   That as a result of the foregoing the Defendants, and each of them, failed to exercise reasonable care under the circumstances and were otherwise negligent which proximately caused damages to the Plaintiff.

WHEREFORE, Plaintiff DEBORA S. COLE demands judgment as follows:

    a.   Monetary damages against all Defendants for the violation of her Constitutional
        rights;

    b.   Monetary damages against all Defendants damages for her pain and suffering;

    c.   Interest costs and attorney's fees against all Defendants; and

    d.   Such other and further relief as is just

DATED:      October 29, 2018
            Rochester, New York

                            By:    **SMITH LAW FIRM PLLC**

                                  William P. Smith Jr., Esq.
                                *Attorneys for Plaintiff*
                                1 East Main Street, Suite 100
                                Rochester, New York 14614
                                Telephone: (585) 685-7000
                                Fax: (585) 685-7003
                                smith@smithlawroc.com

FILED: MONROE COUNTY CLERK 10/30/2018 12:17 PM

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 10/30/2018

## VERIFICATION

STATE OF NEW YORK      )
                       )      ss:
COUNTY OF MONROE       )

**DEBORA S. COLE**, being duly sworn, deposes and says: that I am the Claimant in the within action, that I have read the foregoing **Verified Complaint** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

*Debora S. Cole*

**DEBORA S. COLE**

Sworn to before me the
29th day of October, 2018.

Notary Public

EDWARD J LEICHTNER
Notary Public, State of New York
No. 02LE6090464
Qualified in Monroe County
Commission Expires May 07, 2019 20

SMITH LAW FIRM PLLC