UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORA S. COLE,

        Plaintiff,

v.

VILLAGE OF BROCKPORT,
BROCKPORT POLICE DEPARTMENT,
STEPHEN MESITI INDIVIDUALLY AND
IN HIS CAPACITY AS A BROCKPORT
POLICE OFFICER, BROCKPORT POLICE
CHIEF DANIEL VARRENTI,
BROCKPORT POLICE OFFICER JOHN
DOE #1 INDIVIDUALLY AND IN HIS
CAPACITY AS A BROCKPORT POLICE
OFFICER,

        Defendants.

**ANSWER**

**Index No.:  6:19-CV-06012**

Defendants, Brockport Police Department, Brockport Police Sergeant Stephen Mesiti, Brockport Police Chief Daniel Varrenti, Brockport Police Officer Stephen Mesiti, by their attorneys, Goldberg Segalla LLP, for their Answer to the Complaint herein, state upon information and belief as follows:

1.     With respect to paragraph 1 of the Complaint, it is a jurisdictional statement for which nor response from the Defendants is required.  Defendants deny they violated Plaintiff's constitutional rights or the common law or laws of the State of New York.

2.     With respect to paragraph 2 of the Complaint, the Defendants deny the allegations.

3.     With respect to paragraph 3 of the Complaint, the Defendants admit the allegations.

21872128.v1

4.      With respect to paragraph 4 of the Complaint, the Defendants deny knowledge or information necessary to form a belief as to the truth or falsity of the allegations.

5.      With respect to paragraph 5 of the Complaint, the Defendants admit the allegations.

6.      With respect to paragraph 6 of the Complaint, the Defendants state that the police department is not a separate legal entity capable of being sued.

7.      With respect to paragraph 7 of the Complaint, the Defendants admit the allegations.

8.      With respect to paragraph 8 of the Complaint, the Defendants admit Daniel Varrenti is a natural person who has retired from his position as Police Chief for the Brockport Police Department and denies he has been served with the Summons and Complaint or that jurisdiction was acquired over him.

9.      With respect to paragraph 9 of the Complaint, the Defendants deny knowledge or information necessary to form a belief as to the truth or falsity of the allegations.

10.      With respect to paragraph 10 of the Complaint, the Defendants admit that 911 calls were made relating to Plaintiff, but lack knowledge and information as to the remainder of the allegations.

11.      With respect to paragraph 11 of the Complaint, the Defendants deny the characterizations as stated and indicate that EMS personnel responded to take Plaintiff for a mental health evaluation and that Plaintiff failed and refused to cooperate with EMS personnel resulting in law enforcement having to effectuate a mental hygiene arrest.

12.      With respect to paragraph 12 of the Complaint, the Defendants deny the characterizations as stated, but admit that Plaintiff's health care provider did tell the responding

Brockport Police Officer that there was fear that Plaintiff was a threat to the safety of herself and/or others and that a mental hygiene arrest should be effectuated.

13.     With respect to paragraph 13 of the Complaint, the Defendants deny the characterizations as stated and indicate Plaintiff failed and refused to obey the requests and commands of the Brockport Police Officers to voluntarily proceed to an ambulance so she could be transported to the hospital for treatment of the mental and emotional conditions from which she was suffering, and that Plaintiff who was considered a danger to herself or others suddenly exited her chair, at which point she was restrained by the police officers in the course of their duties as police officers.  Plaintiff was restrained and eventually handcuffed.

14.     With respect to paragraph 14 of the Complaint, the Defendants deny the allegations.

15.     With respect to paragraph 15 of the Complaint, the Defendants deny the allegations.

16.     With respect to paragraph 16 of the Complaint, the Defendants admit they were aware that Plaintiff was in a condition that she was a potential threat to the safety of herself and others, but decline to confirm or deny whether such constituted a "psychological illness."

17.     With respect to paragraph 17 of the Complaint, the Defendants deny they were under direct supervision and control of Defendant Varrenti, but acknowledge he was the Police Chief at the time of the subject incident.

18.     With respect to paragraph 18 of the Complaint, the Defendants deny the allegations.

19.     With respect to paragraph 19 of the Complaint, the Defendants deny the allegations.

21872128.v1

20.     With respect to paragraphs 20 of the Complaint, the Defendants repeat and re-allege its response to each of the allegations referenced therein.

21.     With respect to paragraph 21 of the Complaint, the Defendants admit at the time and place of the subject incident, they were acting under color of law.

22.     With respect to paragraph 22 of the Complaint, the Defendants deny the allegations.

23.     With respect to paragraph 23 of the Complaint, the Defendants admit the allegations.

24.     With respect to paragraph 24 of the Complaint, the Defendants admit they were acting pursuant to their authority, training and supervision, but deny the allegations to the extent it suggests that the Village of Brockport had any custom, policy or practice, or procedure which would lead to or authorize the deprivation of citizens' constitutional rights.

25.     With respect to paragraph 25 of the Complaint, the Defendants deny the allegations.

26.     With respect to paragraph 26 of the Complaint, the Defendants deny the allegations.

27.     With respect to paragraph 27 of the Complaint, the Defendants deny the allegations.

28.     With respect to paragraphs 28 of the Complaint, the Defendants repeat and re-allege its response to each of the allegations referenced therein.

29.     With respect to paragraph 29 of the Complaint, the Defendants deny the allegations.

21872128.v1

30.     With respect to paragraph 30 of the Complaint, the Defendants deny the allegations.

31.     With respect to paragraph 31 of the Complaint, the Defendants deny the allegations.

32.     With respect to paragraphs 32 of the Complaint, the Defendants repeat and re-allege its response to each of the allegations referenced therein.

33.     With respect to paragraph 33 of the Complaint, the Defendants deny the allegations.

34.     With respect to paragraph 34 of the Complaint, the Defendants deny the allegations.

35.     With respect to paragraph 35 of the Complaint, the Defendants deny the allegations.

36.     With respect to paragraph 36 of the Complaint, the Defendants deny the allegations.

37.     With respect to paragraph 37 of the Complaint, the Defendants deny the allegations.

38.     With respect to paragraph 38 of the Complaint, the Defendants deny the allegations.

39.     With respect to paragraphs 39 of the Complaint, the Defendants repeat and re-allege its response to each of the allegations referenced therein.

40.     With respect to paragraph 40 of the Complaint, the Defendants deny the allegations.

41.     With respect to paragraph 41 of the Complaint, the Defendants admit the allegations.

42.     With respect to paragraph 42 of the Complaint, the Defendants deny knowledge or information necessary to form a belief as to the truth or falsity of the allegations.

43.     With respect to paragraph 43 of the Complaint, the Defendants admit the allegations.

44.     With respect to paragraph 44 of the Complaint, the Defendants deny the allegations.

45.     With respect to paragraph 45 of the Complaint, the Defendants deny the allegations.

46.     With respect to paragraph 46 of the Complaint, the Defendants deny the allegations.

47.     With respect to paragraphs 47 of the Complaint, the Defendants repeat and re-allege its response to each of the allegations referenced therein.

48.     With respect to paragraph 48 of the Complaint, the Defendants deny the allegations.

49.     With respect to paragraph 49 of the Complaint, the Defendants admit they were acting pursuant to their authority, training and supervision, but deny the allegations to the extent it suggests that the Village of Brockport had any custom, policy or practice, or procedure which would lead to or authorize the deprivation of citizens' constitutional rights.

50.     With respect to paragraph 50 of the Complaint, the Defendants deny the allegations.

51.     With respect to paragraph 51 of the Complaint, the Defendants deny the allegations.

52.     With respect to paragraphs 52 of the Complaint, the Defendants repeat and re-allege its response to each of the allegations referenced therein.

53.     With respect to paragraph 53 of the Complaint, the Defendants deny the allegations.

54.     With respect to paragraph 54 of the Complaint, the Defendants deny the allegations.

55.     With respect to paragraph 55 of the Complaint, the Defendants deny the allegations.

56.     With respect to paragraph 56 of the Complaint, the Defendants deny the allegations.

57.     With respect to paragraphs 57 of the Complaint, the Defendants repeat and re-allege its response to each of the allegations referenced therein.

58.     With respect to paragraph 58 of the Complaint, the Defendants deny the allegations.

59.     With respect to paragraph 59 of the Complaint, the Defendants deny the allegations.

60.     With respect to paragraph 60 of the Complaint, the Defendants deny the allegations.

61.     With respect to paragraphs 61 of the Complaint, the Defendants repeat and re-allege its response to each of the allegations referenced therein.

62.     With respect to paragraph 62 of the Complaint, the Defendants deny the allegations.

## FIRST AFFIRMATIVE DEFENSE

63.     All plaintiff's state law claims must be dismissed for failure to comply with the General Municipal Law.

## SECOND AFFIRMATIVE DEFENSE

64.     Plaintiff failed to satisfy and/or allege conditions precedent to suit.

## THIRD AFFIRMATIVE DEFENSE

65.     The actions and culpable conduct of plaintiff was the sole proximate cause of plaintiff's injuries or contributed to plaintiff's injuries and/or damages.

## FOURTH AFFIRMATIVE DEFENSE

66.     Plaintiff's damages, if any, should be reduced to the extent that plaintiff failed to mitigate those damages alleged in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

67.     Upon information and belief, all or part of the cost of the plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources, or with reasonable certainty will be replaced or indemnified in the future from such collateral sources, and to that extent these answering defendants request that in the event the plaintiff recovers any judgment herein, such amount as is recovered in whole or in part from collateral sources be reduced by said amounts.

## SIXTH AFFIRMATIVE DEFENSE

68.     Plaintiff failed to state a cognizable cause of action.

## SEVENTH AFFIRMATIVE DEFENSE

21872128.v1

69.     Plaintiff lacks standing to allege the Local Ordinance is unconstitutional.

## EIGHTH AFFIRMATIVE DEFENSE

70.     Some or all of plaintiff's claims are barred by the doctrine of *Res Judicata.*

## NINTH AFFIRMATIVE DEFENSE

71.     Some or all of plaintiff's claims are barred by the doctrine of Collateral Estoppel.

## TENTH AFFIRMATIVE DEFENSE

72.     Complaint fails to state a claim versus the municipality under 42 U.S.C. 1983.

## ELEVENTH AFFIRMATIVE DEFENSE

73.     The individual officers are entitled to qualified immunity from suit.

## TWELFTH AFFIRMATIVE DEFENSE

74.     The actions of the individual officers was reasonable and justified under the circumstances then and there existing.

## THIRTEENTH AFFIRMATIVE DEFENSE

75.     The officers acted in accordance with reasonable belief in the constitutionality of the laws they were enforcing.

## FOURTEENTH AFFIRMATIVE DEFENSE

76.     Plaintiff lacks standing to allege local ordinance is unconstitutional.

## FIFTEENTH AFFIRMATIVE DEFENSE

77.     The ordinance is presumed constitutional on its face.

## SIXTEENTH AFFIRMATIVE DEFENSE:

78.     The Complaint fails to state a claim against the Defendants upon which relief may be granted.

21872128.v1

## SEVENTEENTH AFFIRMATIVE DEFENSE

79.   The complaint fails to state a claim for a declaratory judgment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

80.   The Brockport Police Department is not a legal entity subject to suit.

## NINETEENTH AFFIRMATIVE DEFENSE

81.   Plaintiff has failed to acquire personal jurisdiction over defendant Daniel Varrenti.

## TWENTIETH AFFIRMATIVE DEFENSE:

82.   Upon information and belief, if the Plaintiff sustained any loss of property as alleged in the Complaint, such injuries and damages were caused in whole or in part or were contributed to by Plaintiff's own culpable conduct, contributory negligence and want of care, and/or assumption of the risk, without any culpable conduct, negligence, or want of care on the part of the Defendants, and the amount of damages recoverable by the Plaintiff, if any, should be diminished in whole or in part in proportion to the Plaintiff's culpable conduct, contributory negligence, want of care, and/or assumption of the risk.

## TWENTY-FIRST AFFIRMATIVE DEFENSE:

83.   Defendants had no reasonable expectation that any constitutional right of the Plaintiffs' were implicated by their actions and activities.

## TWENTY-SECOND AFFIRMATIVE DEFENSE:

84.   Plaintiff had no reasonable expectation of right implicated by police upon entry at 134 Park Avenue, Brockport, New York 14420.

## TWENTY-THIRD AFFIRMATIVE DEFENSE:

85.   Plaintiffs have no standing.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE:

21872128.v1

86.     Defendants demand a trial by jury.

**WHEREFORE**, judgment is demanded as follows:

a.      Dismissing the complaint;

b.      Diminishing the damages otherwise recoverable in proportion to the culpable conduct of Plaintiff;

c.      For such other, further and different relief which may be just, proper and equitable.

DATED:      Rochester, New York
            January 9, 2019

**GOLDBERG SEGALLA LLP**


By: /s/ Patrick B. Naylon
        Patrick B. Naylon, Esq.
        *Attorneys for Defendants*
        *Village of Brockport, Brockport Police*
        *Department, Brockport Police Sergeant*
        *Stephen Mesiti Individually and in his*
        *capacity as a Brockport Police Officer,*
        *Brockport Police Chief Daniel Varrenti,*
        *Brockport Police Officer John Doe #1*
        *Individually and in his Capacity as a*
        *Brockport Police Officer*
        PO Box 487
        Buffalo, New York 14201
        pnaylon@goldbergsegalla.com
        Telephone:  (585) 295-8320

TO:     William P. Smith, Jr., Esq.
        *Attorney for Plaintiff*
        1 East Main Street, Suite 100
        Rochester, New York 14614